Christopher J. Balala, Esq. (030732010)
**FIDELITY NATIONAL LAW GROUP**
105 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
Christopher.Balala@fnf.com
(973) 863-7018 / (973) 535-3407 (fax)
*Attorneys for Appellee-Plaintiff*
*Fidelity National Title Insurance Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

JOHN MICHAEL WALSH and ROSEMARY
JOANNE WALSH,

                        Appellants-Defendants,

                v.

FIDELITY NATIONAL TITLE INSURANCE
COMPANY,

                        Appellee-Plaintiff.

Docket No.: 3:20-cv-20215-BRM

**APPELLEE-PLAINTIFF'S OPPOSITION
TO APPELLANTS-DEFENDANTS'
MOTION TO RECONSIDER THIS
COURT'S SEPTEMBER 30, 2021
ORDER**

---

TO:    THE HONORABLE BRIAN R. MARTINOTTI
       United States District Judge
       United States District of New Jersey

       Appellee-Plaintiff Fidelity National Title Insurance Company ("FNTIC" or "Plaintiff"), by

and through their undersigned counsel, Fidelity National Law Group, respectfully submits this

opposition (the "Opposition") to appellants-defendants John Michael Walsh aka John M. Walsh

aka John Walsh and Rosemary Joanne Walsh aka Rosemary J. Walsh aka Rosemary Eaton Walsh

aka Rosemary J. Eaton Walsh aka Rosemary Joanne Eaton Walsh's ("Defendants") Motion to

Reconsider this Court's September 30, 2021 Order which denied her motion for extension of time

to file notice of appeal and dismissed this appeal (the "Motion").

## PRELIMINARY STATEMENT

Defendants' latest Motion continues to waste the time and judicial resources of this Court and Plaintiff, by morphing its position and grossly distorting whether the District Court or Bankruptcy Court had jurisdiction to decide their motion for extension of time to file a notice of appeal (the "Motion for Extension").  This litigation is now at a point where this Court must prevent Defendants from continuously moving the goal posts, including the latest proverbial second bite at the apple.

Defendant s' Motion for Extension was out-of-time when it was originally filed with the District Court on January 21, 2021.  Defendants had essentially refiled the same motion for extension of time, which was denied by the Bankruptcy Court on January 19, 2021.  At oral argument on the Motion for Extension, Defendants' counsel argued for the <u>first</u> time that the District Court had the power to review the Bankruptcy Court's denial of the very same motion for extension.  After supplemental briefings on this issue, this Court disagreed with Defendants finding the Bankruptcy Court's denial was not properly before the District Court without a separate and specific notice of appeal and that Defendants' Notice of Appeal was clearly filed outside of the prescribed timeframes of Rule 8002.

The Motion <u>now</u> argues that the Bankruptcy Court was divested of jurisdiction to deny the motion for extension and that it should have always been decided by the District Court.  This argument not only has never been previously argued by Defendants but is nonetheless insufficient to warrant the relief requested.  Defendants' attempt at relitigating an already decided issue, in a different manner, should not be tolerated.  The Motion should be denied.

## RELEVANT FACTUAL BACKGROUND

On November 17, 2020, after a series of motion practice on Defendants' failure to comply with Bankruptcy Court-imposed discovery deadlines, an Order Striking Answer of Defendants and Entering Default Judgment, in favor of Plaintiff, was signed (the "Order Entering Default Judgment"). See, Certification of Christopher J. Balala, Esq. ("Balala Cert."), ¶4. The Order Entering Default Judgment was entered November 19, 2020. Balala Cert., ¶5. On December 3, 2020, Defendants filed a "Motion to Extend Time to File Notices of Appeal Pursuant to FRSB[sic] Rule 8002" (the "Prior Motion for Extension"). Id. at ¶6. Defendants' Prior Motion for Extension sought a two-week extension from the December 3, 2020 deadline to file a notice of appeal. Id. at ¶7. On December 22, 2020, Defendants filed a notice of appeal of entry of the Order Entering Default Judgment (the "Notice of Appeal"). Id. at ¶8. The Notice of Appeal was filed nineteen days after the deadline to appeal the Order Entering Default Judgment. Id. at ¶9. Therefore, the survival of the Defendant s' appeal relied on the grant of the relief requested in Defendants' Prior Motion for Extension. Id. at ¶10.

On January 19, 2021, the Bankruptcy Court denied Defendants' Prior Motion for Extension. Balala Cert., ¶11. On January 21, 2021, Defendants filed an almost identical Motion for Extension. Id. at ¶12. On June 8, 2021, respective counsel for both Plaintiff and Defendants attended virtual oral argument on the Motion for Extension. Id. at ¶13; see also, Opinion, pg. 2, ECF Doc. No. 12 (the "Opinion"). Plaintiff argued that the Motion for Extension before the District Court was untimely and was filed in the District Court only after the Prior Motion for Extension was denied by the Bankruptcy Court. Id. at ¶14. At oral argument, Defendants argued that there was an automatic right to refile their Prior Motion for Extension before the District Court after it was denied by the Bankruptcy Court. Id. at ¶15; see also, Opinion, pg. 2. Because this

alleged precedent was unfamiliar to Plaintiff, and similarly appeared unfamiliar to the District Court, Defendants were allowed to submit a supplemental briefing addressing solely this issue (the "Supplemental Brief").  Id. at ¶16; see also, Opinion, pg. 2.  Defendants' counsel assured this Court that there was legal authority in support of an alleged automatic right to appeal the Bankruptcy Court's decision denying the Prior Motion for Extension without the need to file a separate notice of appeal.  Id. at ¶17.  The Supplemental Brief provided no such authority and this Court denied Defendants' Motion for Extension and dismissed the appeal by Opinion and Order entered September 30, 2021.  Id. at ¶18; see also, Opinion.

The Motion now argues that the Bankruptcy Court was "divested of jurisdiction to decide the pending motion which was properly vested in the District Court upon filing of the notice of appeal."  See, Motion, pg. 5.  This is a new argument, not previously mentioned by the Defendants in the Prior Motion for Extension, Motion for Extension, or Supplemental Brief.  Defendants' last-ditch effort grasping for straws should not be entertained by this Court.  The Motion should be denied in its entirety, the appeal should remain dismissed with prejudice, and Defendants should be admonished for this ill-fated attempt at rearguing the Motion for Extension on alternate grounds.

**LEGAL ARGUMENT**

## I.  DEFENDANTS' MOTION TO RECONSIDER SHOULD BE DENIED

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment."  P. Schoenfeld Asset Mgmt.., LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  To prevail on a motion for reconsideration, the movant must show either, "(1) an intervening change in the controlling case law; (2) the availability of new evidence that was not available when the

court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 667 (3d Cir. 1999). "Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]." United States v. Campaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Here, the Court previously denied the Motion for Extension and dismissed Defendants' appeal. Nothing contained in Defendants' Motion (now with an alternate theory) should sway this Court away from its prior decision. The District Court was required to dismiss the appeal for lack of jurisdiction because Appellant failed to timely file a motion to enlarge the time to appeal before the District Court. The Motion states that this Court and the Bankruptcy Court are "reluctant to ever render any decision on the merits." See, Motion, pg. 3. The Motion now argues that there was a "clear error" in this Court's determination that the Bankruptcy Court retained jurisdiction on the Prior Motion to Extend despite the "dalliance in disposing of the same until 62 days after the motion was filed." Id. at pg. 4. For the reasons set forth infra., these unfounded arguments fail.


### A.  This Court's September 30, 2021 Should Not Be Disturbed

The appeal of a bankruptcy court's final order must be filed "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1), absent a request to extend the time to appeal, a notice of appeal must be filed within fourteen days of the date of the entry of the order appealed from. Fed. R. Bankr. P. 8002(a)(1). The bankruptcy court may extend this time pursuant to Rule 8002(d) "upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that

time, if the party shows excusable neglect." <u>Fed. R. Bankr. P.</u> 8002(d)(1).  The "prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional." <u>In re Caterbone</u>, 640 F.3d 108, 110 (3d Cir.2011); <u>see also</u>, <u>Bowles v. Russell</u>, 551 U.S. 205, 209 (2007) (noting that courts have "no authority to create equitable exceptions to jurisdictional requirements").  "The failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review." <u>Shareholders v. Sound Radio, Inc.</u>, 109 F.3d 873, 879 (3d Cir. 1997) <u>citing</u> <u>In re Universal Minerals, Inc.</u>, 755 F.2d 309, 312 (3d Cir.1985).

In its Opinion denying the Motion for Extension, this Court summarized Rule 8002's timing requirements as follows: "there is a thirty-five-day window, beginning at the date of the entry of the initial order, to file a notion[sic] to extend time to appeal with the Bankruptcy Court. The last twenty-one days of this window require an additional showing of 'excusable neglect.'" <u>See</u>, Opinion, page 9, ECF Doc. No. 12.  Here, the Notice of Appeal was filed December 22, 2020 which is nineteen days after the 14-day deadline to appeal the entry of the Order Entering Default. Therefore, Defendants would need to show "excusable neglect."  Defendants did <u>not</u> even attempt do this.  Instead, previously on December 3, 2020, Defendants' Prior Motion for Extension was filed.  The Prior Motion for Extension was filed <u>before</u> the Notice of Appeal and hence before the District Court case was not even initiated nor did it have any jurisdiction.  When Defendants' Prior Motion for Extension was denied on January 19, 2021, the Notice of Appeal which initiated the commencement of this appeal, was cemented as untimely.  <u>See</u>, Opinion, page 10, ECF Doc. No. 12 ("Appellants' filed their Notice of Appeal outside the prescribed timeframe of Rule 8002. Therefore, the Notice of Appeal is untimely and this Court is without jurisdiction.")

This Court properly denied the Motion for Extension after considering Defendants' Supplemental Brief.  This Court found that the Motion for Extension did not relate to the

Bankruptcy Court's decision to deny the Prior Motion for Extension, but rather was clearly intended to relate back to the Order Entering Default Judgment.  <u>See</u>, Opinion, pg. 3, ECF Doc. No. 12.  This Court summarized the Motion for Extension as a motion that asks "this Court to recognize effectively a re-filing of a Motion to Extend Time, which the Bankruptcy Court already denied and which makes no mention of that denial, as providing the basis of jurisdiction."  <u>Id.</u> at 3-4.  This Court appropriately held that it lacked jurisdiction to review the Bankruptcy Court's denial of the Prior Motion for Extension as well as the appeal.  <u>Id.</u> at 10.  That decision should not be disturbed.

### B.  The Motion Fails To Support Its New Position That The Bankruptcy Court Was Divested Of Jurisdiction

The pendency of the appeal does not "divest" the Bankruptcy Court of jurisdiction to hear the Rule 8002(b)(1) motions.  <u>Fed. R. Bankr.P.</u> 8002(b)(2); <u>In re Smith Corona Corp.</u>, 212 B.R. 59, 60 (Bankr. D. Del. 1997).  The Motion attempts to change Defendants' prior position and create law to support this new position.  On the Motion for Extension, Defendants contended that "the District Court retains the power to review denial of extensions of the Bankruptcy Judge for filing notices of appeal <u>nunc pro tunc</u> without having to file a separate appeal[.]"  <u>See</u>, Opinion, pg. 7, ECF Doc No. 2.  This Court held that absent a separate notice of appeal, the District Court does not have jurisdiction to review whether Judge Ferguson abused her discretion in denying the Prior Motion for Extension.  <u>Id.</u> at 5.  Now, Defendants have altered course and argue that Judge Ferguson and the Bankruptcy Court were divested of jurisdiction for failing to decide the Prior Motion for Extension within the 35-day maximum for filing a motion to enlarge time.  This argument is not only unsupported in any of the caselaw cited to in the Motion but is also completely nonsensical.  If the Motion's argument were to be believed, that means a party could file a motion

for extension of time on the 35th day, alleging excusable neglect, and if the Bankruptcy Court did not render a decision on that same exact day, it would be divested of jurisdiction and the District Court would hear the motion.

In support of this one-off theory, Defendants cite to In re Laurain, 113 F.3d 595 (6th Cir. 1997) and In re Betacom of Phoenix, 250 B.R. 376 (B.A.P. 9th Cir. 2000). While neither case is binding on the District Court, each case also does not even begin to support Defendants' position. The Laurain Court examined a motion to extend time in the context of Federal Rule of Bankruptcy Procedure Rule 4003(b), which at that time stated, "The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) … unless, within such period, further time is granted by the court." Laurain, 113 F.3d at 597 (emphasis added). The Laurain case stands for the position that an objection to exemptions must be filed within 30 days unless the bankruptcy court grants a motion for extension of time within those same 30 days.

By comparison, Rule 8002(d) contains no such restriction, and instead focuses on the timing of the motion, rather than the time for which the bankruptcy court has to render a decision. Fed. R. Bankr. P. 8002(d) states, "[T]he bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect (emphasis added)." The Laurain Court recognized that some portions of bankruptcy procedure have mandatory timeframes for motions, i.e., Rule 8002(d), while others have mandatory timeframes for deciding those motions, i.e., Rule 4003(b): "While some bankruptcy rules provide that only the motion for an extension of time must be filed within a prescribed time period, other rules provide that the court must act within a prescribed time period." Laurain, 113 F.3d at 598 (internal citations omitted). The Motion's

attempt at cramming Rule 8002(d) within the Sixth Circuit's jurisprudence on Rule 4003(b) should not be accepted as the plain and unambiguous language used in both of those rules are clearly inapposite.

The Betacom Court also does not support the Motion's position. The Betacom Court handled an appeal of the bankruptcy court's denial of a motion for extension of time to file a notice of appeal. The distinguishing factor in Betacom, is that there was no dispute that the appellants timely appealed the denial of their motion for extension. Betacom of Phoenix, 250 B.R. at 377. The question before the Betacom Court was the standard the bankruptcy court applied to the movants' motion for extension and whether said motion required "special circumstances", a standard ultimately found to be too stringent. Betacom of Phoenix, 250 B.R. at 381-82. The Motion, which does not contain a pinpoint cite, acknowledges this position when it quotes the Betacom Court in stating, "Thus, the appeal from the ruling denying the extension was the proper avenue for relief". See, Motion, pg. 7. Here, the District Court already ruled that there was no notice of appeal associated with the Bankruptcy Court's denial of the Prior Motion for Extension. The District Court would likely agree with the Betacom Court that the proper avenue for Defendants to take if they disagreed with the denial of the Prior Motion for Extension was to file a notice of appeal of that order, not file a nearly identical Motion for Extension in another venue.

The Motion's citation to Fed. R. Bankr. P. 8002(d)(3) is also unavailing. Rule 8002(d)(3) states, "(3) Time Limits on an Extension. No extension of time may exceed 21 days after the time prescribed by this rule, or 14 days after the order granting the motion to extend time is entered, whichever is later." This provision has nothing to do with the bankruptcy court's time to decide a motion for extension, but rather limits the amount of time the bankruptcy may allow the movant of such a motion. The Motion's reverse reading of this rule is a red herring that is supported only

by Defendants' claim that the language would be otherwise "superfluous".  The Motion should be denied.

### CONCLUSION

WHEREFORE, for each of the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendants' Motion, and that this appeal remain dismissed with prejudice.

Respectfully submitted,

**Fidelity National Law Group**
*Attorneys for Appellee-Plaintiff*
*Fidelity National Title Insurance Company*

 /s/ Christopher Balala_____
 Christopher J. Balala, Esq.

Dated: Roseland, New Jersey
         November 1, 2021